UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM WESLEY ROBERTS,

    Petitioner,

v.                                                          Case No.:  2:25-cv-481-SPC-KCD

STATE OF FLORIDA,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is William Wesley Roberts' Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a State Court Judgment (Doc. 1). Roberts challenges his 2023 conviction in a Florida state court and the resulting 14-year prison sentence. The Court reviews Roberts' petition under Rule 4 of the Rules Governing Section 2254 Cases.

It is plain from the petition that Roberts is not entitled to habeas relief. The Antiterrorism Effective Death Penalty Act precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on

collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).

Roberts's petition asserts four grounds with little to no factual support: (1) his sentence violates the Eighth Amendment because it is grossly disproportionate with the crime; (2) the trial judge was prejudiced against Roberts; (3) an error in the record renders the entire proceeding and judgment void; and (4) Roberts is being illegally restrained. Roberts acknowledges he has not filed any state post-conviction challenges to his conviction and sentence or otherwise presented his habeas claims to a state court. Thus, he has not yet exhausted the means of relief available to him under Florida law, and his habeas petition is premature. The Court will dismiss Roberts' petition without prejudice. He may file a new petition if his state postconviction challenges are unsuccessful.

Accordingly, this action is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any motions and deadlines, enter judgment, and close this case.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Roberts has not made the requisite showing here and may not have a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on July 16, 2025.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3